[Criminal No. 201.   Filed March 30, 1905.]

[80 Pac. 319.]

W. T. ARMSTRONG, Defendant and Appellant, v. TERRI-
TORY OF ARIZONA, Plaintiff and Respondent.

1. APPEAL AND ERROR—EVIDENCE—CONFLICTING—VERDICT BASED ON—
WILL NOT BE DISTURBED.—Where the evidence is conflicting, and
there is substantial evidence to support the verdict, it will not be
disturbed on appeal.

2. CRIMINAL LAW—LARCENY—VENUE—PROOF—SUFFICIENCY.—Before a
verdict of guilty can be allowed to stand, on an indictment charg-
ing a theft of a cow in P. County, there must be some proof
adduced which will connect the defendant with the commission of
the crime in that county. Such proof is not made by evidence
which shows that the animal was accustomed to range in P. County,
was seen there at a certain time, and months afterward was found
in defendant's possession in another county, and that when so
found he falsely claimed her as his own.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Pinal. Fletcher M. Doan, Judge. Reversed.

The facts are stated in the opinion.

Edwards & McFarland, for Appellant.

J. H. Kibbey, Attorney-General, for Respondent.

KENT, C. J.—An indictment was found against the de-
fendant, charging him with the crime of grand larceny, in
that he, on or about the first day of December, A. D. 1903,

"at the county of Pinal, territory of Arizona, did then and there steal, take, lead, and drive away one deep-red cow, branded . . . being the personal property of one John Zellweger," etc. The jury found the defendant guilty, and from the judgment entered upon such verdict he has appealed.

The principal issue to which the evidence in the court below was directed was as to the identity and ownership of the cow in question. The testimony on that point was conflicting. It is evident from their verdict that the jury believed that the cow in question not only did not belong to Armstrong, but that he had stolen the animal. There is substantial evidence in the record to sustain the conclusion arrived at by the jury upon this question, and there is no reason to set aside the verdict for failure of proof on the part of the prosecution to establish the ownership of the animal in Zellweger, as alleged in the indictment.

It is claimed by the appellant that there is no proof that the larceny, if proved, was committed in Pinal County, as charged in the indictment. We think this assignment of error is well taken. The proof in that respect on the part of the prosecution is that the animal, the property of Zellweger, was found in January on the appellant's range, in the county of Gila, and was then claimed by Armstrong as his cow; that prior thereto she was last seen on Zellweger's range, in the county of Pinal, where she was accustomed to range some months before. There is nothing, however, in the evidence to show that the larceny took place in Pinal County, rather than Gila County, or anything to connect the appellant with the driving of the animal from Pinal County to Gila County, if such took place, or, indeed, to show that the appellant ever was in Pinal County prior to the finding of the indictment. If the animal was in Pinal County at the time claimed, she may have been driven into Gila County by persons in no way connected with Armstrong, or she may even have strayed across the line herself. Under the facts as shown, the venue might properly and successfully have been laid by the territory in Gila County, but, Pinal County having been chosen as the place where the crime was committed, before a verdict of guilty can be allowed to stand there must be some proof adduced which will connect the defendant with the commission of the crime in that county. Such proof is

not made by evidence which shows only that the animal was accustomed to range in Pinal County, and was seen there at a certain time, followed by evidence that she was found months afterward in the defendant's possession in another county, and that when so found he falsely claimed her as his own.

For want of proof of the venue as laid, the verdict must be set aside, and the judgment of the district court reversed, and the defendant ordered discharged from custody, or his bail exonerated, if admitted to bail.

SLOAN, J., and DAVIS, J., concur.